■ Manuel Tavarez, Appellant, v Samuel Weissman et al., Respondents. [747 NYS2d 424]

Plaintiff was injured on November 2, 1998, while installing vinyl siding on a three-story building in the Bronx when scaffolding on which he was working collapsed. The building was owned by defendant OSA Webster Realty, Inc. (OSA). Defendant SDM Mechanical Co., Inc. (SDM) owned the scaffolding and occupied the first floor of the building. Defendant Weissman is sole owner and president of SDM and a principal owner of OSA. Weissman testified and Supreme Court found that SDM hired plaintiff's company, Painters Plus, to perform the installation work on the building. It is undisputed that plaintiff's injuries resulted from his fall from a ladder that was perched atop a scaffold, both of which were provided by SDM, and that no safety equipment was provided or made available to plaintiff by any of the defendants while he was working at the site.

Supreme Court denied plaintiff's motion for summary judgment on liability under Labor Law § 240 (1) on the grounds that plaintiff had failed to show a specific violation of the statute and that there were questions of fact as to whether plaintiff's negligence in the manner in which he placed the ladder on the scaffold was the sole proximate cause of his injury. Neither ground supports the court's decision.

Section 240 (1) of the Labor Law imposes absolute liability on building owners, contractors, and their agents for injuries to workers engaged in "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure," which result from falls from ladders, scaffolding, or other similar elevation devices that do not provide "proper protection" against such falls (*Melo v Consolidated Edison Co.*, 92 NY2d 909; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513; *Haimes v New York Tel. Co.*, 46 NY2d 132; *Beckford v City of New York*, 261 AD2d 158).

The failure by SDM, as the contractor, and OSA, as the owner of the building, to provide adequate safety devices to prevent the ladder from slipping, the scaffold from collapsing,

or plaintiff from falling constituted a violation of Labor Law § 240 (1) (*see, Dasilva v A.J. Contr. Co.,* 262 AD2d 214; *Wasilewski v Museum of Modern Art,* 260 AD2d 271; *Schultze v 585 W. 214th St. Owners Corp.,* 228 AD2d 381). Such violation makes OSA and SDM liable for plaintiff's injuries as a matter of law, regardless of whether they exercised any control or supervision over the work (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513; *Guillory v Nautilus Real Estate,* 208 AD2d 336, 338, *appeal dismissed and lv denied* 86 NY2d 881).

In addition, plaintiff's negligence, if any, does not shield defendants from liability. Where, as here, the owner or contractor fails to provide adequate safety devices to protect workers from elevation-related injuries and that failure is *a* cause of plaintiff's injury, the "[n]egligence, if any, of the injured worker is of no consequence" (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513; *see also, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 521; *Orellano v 29 E. 37th St. Realty Corp.,* 292 AD2d 289).

SDM's assertion in its appellate response brief that it was not the contractor for the work performed by plaintiff is unavailing. First, SDM's president Weissman testified that SDM hired Painters Plus and served as the contractor and managing agent for the building. Second, in responding to plaintiff's motion for summary judgment, SDM did not dispute that it was the contractor.

Plaintiff met his burden of establishing a prima facie case for relief under Labor Law § 240 (1), and defendants SDM and OSA failed to offer or support any valid defense. Plaintiff is thus entitled to summary judgment on liability against those defendants (*see, Becerra v City of New York,* 261 AD2d 188). Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Gonzalez, JJ.