■ MAKHAN DHILLON et al., Respondents, v BRYANT ASSOCIATES et al., Appellants. [759 NYS2d 673] —Order, Supreme Court, Bronx County (George Friedman, J.), entered on or about January 16, 2002, which upon the grant of reargument, granted plaintiffs' previously denied motion for partial summary judgment on the issue of liability with respect to their Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Assuming, arguendo, that plaintiff's motion for reargument was in fact a successive summary judgment motion, there was sufficient cause to support the motion court's decision to entertain the motion since the record demonstrated that plaintiff was, in fact, entitled to summary judgment as to liability on his Labor Law § 240 (1) claim (*see Varsity Tr. v Board of Educ. of City of N.Y.*, 300 AD2d 38, 39 [2002]; *Justus Recycling Corp. v A.F.C. Enters.*, 290 AD2d 279 [2002]; *Freeze Right Refrig. & A.C. Servs. v City of New York*, 101 AD2d 175, 180 [1984]).

Inasmuch as it is undisputed that the ladder which plaintiff was using to descend from his elevated work site collapsed and thus did not protect him from falling, a violation of Labor Law § 240 (1) is established (*see Tavarez v Weissman*, 297 AD2d 245, 246 [2002]; *Garcia v 1122 E. 180th St. Corp.*, 250 AD2d 550 [1998]), and defendant building owners are absolutely liable for such violation regardless of whether they controlled or supervised plaintiff's work (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559 [1993]). Nor can defendant owners avoid li-

ability by reason of the circumstance that a scaffold was available somewhere else on the work site or that plaintiff could have used a step ladder to alight from the first-floor fire escape (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]; *Tavarez v Weissman*, 297 AD2d at 247; *Garcia v 1122 E. 180th St. Corp.*, 250 AD2d at 551). Concur—Buckley, P.J., Mazzarelli, Saxe, Williams and Marlow, JJ.