■ Luis Torres, Appellant, v Monroe College et al., Respondents. [785 NYS2d 57]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered December 10, 2003, which denied plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), unanimously reversed, on the law, without costs, the motion granted and the matter remanded for further proceedings.

Plaintiff, while employed as a laborer for S. Leggierio Construction, was assigned the task of applying sheetrock to a section of a newly constructed wall in defendant College's Learning Center. To do so, he climbed on top of a scaffold without guard rails, which had been set up by other workers the day before. Two of the scaffold wheels did not lock; nevertheless, because his coworker, Lugo, was supposed to secure the bottom,

plaintiff proceeded with his work. According to plaintiff, his supervisor told him to use the eight-foot A-frame ladder atop the scaffold if he needed more height. Because he needed more height to cover the air conditioning unit with sheetrock, he placed an unopened A-frame ladder on top of the scaffold and leaned it against the wall. When plaintiff stepped on the second rung of the unopened ladder, the scaffold moved away from the wall, the ladder fell, plaintiff fell between the ladder and the wall 13 feet to the floor, and the scaffold then tipped over. Lugo, who plaintiff thought was supposed to secure the scaffold, was on the other side of the room.

James Moore, a maintenance supervisor at the site, stated in his accident report that plaintiff "was working on a baker scaffolding fully extended with no guard rails with six foot ladder fully extended on top of baker scaffolding also the wheels were unlocked and scaffolding had no safety braces."

Labor Law § 240 (1) imposes upon owners and contractors a nondelegable duty to provide proper and adequate safety devices so as to protect workers subject to elevation-related hazards, and any breach of the statute will impose absolute liability upon said owner and contractor (see Bland v Manocherian, 66 NY2d 452 [1985]). To prevail under this statute, a plaintiff must establish a violation thereof and that the violation was a proximate cause of the injury (see Zimmer v Chemung County Performing Arts, Inc., 65 NY2d 513 [1985]; Cordeiro v Shalco Invs., 297 AD2d 486 [2002]).

It is apparent that the safety devices provided to plaintiff did not properly protect him from an elevation-related hazard (see Morin v Machnick Bldrs., 4 AD3d 668 [2004]). Defendant's failure to ensure that the scaffold plaintiff needed to use to perform his assigned task provided proper protection, and was properly secured and braced, constituted a proximate cause of the accident. Therefore, plaintiff was entitled to partial summary judgment on liability pursuant to Labor Law § 240 (1). Even if another cause of the accident was plaintiff's own improper use of an unopened A-frame ladder leaned against the wall from atop the scaffold, negligence on plaintiff's part cannot serve as a defense to a section 240 (1) claim as long as his negligence is not the sole proximate cause of the accident (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280 [2003]). Concur—Nardelli, J.P., Saxe, Sullivan, Ellerin and Sweeny, JJ.