■ RICHARD O'CONNOR et al., Respondents, v ENRIGHT MARBLE & TILE CORP. et al., Appellants. [802 NYS2d 506]—

In an action to recover damages for personal injuries, etc., the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated April 16, 2004, as granted the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and (2), as limited by their brief and a stipulation of the parties dated September 20, 2005, from so much of a judgment of the same court (Knipel, J.) entered February 23, 2005, as is in favor of the plaintiffs and against them on the issue of liability.

Ordered that appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

To prevail on a cause of action to recover damages for a violation of Labor Law § 240 (1), a plaintiff must establish a violation of the statute and that such violation was a proximate cause of the injuries (*see Allen v Village of Farmingdale,* 282 AD2d 485 [2001]).

The Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) since the evidence presented established that the defendants failed to provide the injured plaintiff with adequate safety equipment under the conditions existing at the worksite (*see Morin v Machnick Bldrs.,* 4 AD3d 668 [2004]; *Tavarez v Weissman,* 297 AD2d 245 [2002]). Moreover, the injured plaintiff's actions cannot be considered the sole proximate cause of the accident (*see Brandl v Ram Bldrs., Inc.,* 7 AD3d 655 [2004]; *Morin v Machnick Bldrs., supra; cf. Cannata v One Estate,* 127 AD2d 811 [1987]).

The defendants' remaining contention regarding the affidavit of the plaintiffs' expert is unpreserved for appellate review. Florio, J.P., Adams, Mastro and Lifson, JJ., concur.