■ DIEGO LOPEZ, Appellant, v ATHENA MELIDIS et al., Respondents. [820 NYS2d 210]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered February 28, 2005, which denied plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim and granted defendants' cross motion for summary judgment dismissing plaintiff's claims under Labor Law § 241 (6) and § 200 and for common-law negligence, unanimously modified, on the law, plaintiff's motion for partial summary judgment under Labor Law § 240 (1) granted, the matter remanded for further proceedings, and otherwise affirmed, without costs.

Plaintiff's testimony indicated that he was standing approximately 12 feet above the ground on an A-frame ladder placed at his supervisor's direction on the platform of an eight-foot-high scaffold, and that the scaffold and the ladder moved as he began removing an overhead sprinkler head. Since the scaffold-and-ladder arrangement did not prevent plaintiff from falling—"the core objective of Labor Law § 240 (1)" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]), and plaintiff's injuries were caused by the fall, plaintiff established a prima facie case for relief under Labor Law § 240 (1) (*Tavarez v Weissman*, 297 AD2d 245, 246-247 [2002]). Defendants adduced no evidence to support their argument that plaintiff's conduct was the sole proximate cause of his accident. Accordingly, plaintiff is entitled to summary judgment on the issue of liability (*id.* at 247).

The section 241 (6) claim was properly dismissed because it was predicated on provisions of the Industrial Code that are either not sufficiently concrete to support it (*see Ross*, 81 NY2d at 502) or not applicable to the facts at bar. Also properly dismissed were plaintiff's section 200 and common-law negligence claims because the dangerous condition arose from plaintiff's employer's methods, and defendants building owner and general contractor exercised no supervisory control over the renovation project (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). Concur—Tom, J.P., Gonzalez, Sweeny, Catterson and Malone, JJ.