■ HENRY RUDNIK, Appellant, v BROGOR REALTY CORP. et al., Respondents. (And a Third-Party Action.) [847 NYS2d 141]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), entered October 27, 2006, which denied his motion for summary judgment on the issue of liability on the first cause of action to recover damages for violation of Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment on the issue of liability on the first cause of action to recover damages for violation of Labor Law § 240 (1) is granted.

The plaintiff allegedly sustained injuries during the course of his employment. In performing repairs to a building, the plaintiff had to fill in cracks in an exterior wall with concrete, and cover the bricks with concrete. To reach the upper portion of the wall, he placed an A-frame ladder on the platform of a five- or six-foot high scaffold and rested it against the wall in a closed position. As the plaintiff ascended the ladder, the scaffold shifted, causing him to fall to the ground. He was not provided with other safety devices such as safety belts, safety lines, or nets.

In order to prevail on a Labor Law § 240 (1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280 [2003]; Camlica v Hansson, 40 AD3d 796 [2007]). A plaintiff cannot recover under Labor Law § 240 (1) if his or her actions were the sole proximate cause of the injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280 [2003]; Bonilla v State of New York, 40 AD3d 673 [2007]; Marin v Levin Props., LP, 28 AD3d 525 [2006]).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that the defendants failed to provide him with adequate safety devices, and that their violation of Labor Law § 240 (1) was a proximate cause of his injuries (see Guaman v New Sprout Presbyt. Church of N.Y., 33 AD3d 758 [2006]; Lopez v Melidis, 31 AD3d 351 [2006]; O'Connor v Enright Marble & Tile Corp., 22 AD3d 548 [2005]; Tavarez v Weissman, 297 AD2d 245 [2002]). In opposition, the defendants failed to submit evidence sufficient to raise a triable issue of fact. While the plaintiff may have been negligent in placing a closed A-frame ladder against the wall from atop the scaffold, the plaintiff's conduct cannot be considered the sole proximate cause of his injuries (see O'Connor v Enright Marble & Tile Corp., 22 AD3d 548 [2005]; Torres v Monroe Coll., 12 AD3d 261 [2004]; Tavarez v Weissman, 297 AD2d 245 [2002]). Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.