OPINION OF THE COURT
Martin Schneier, J.
*820 Defendants and third-party plaintiffs contracted with third-party defendant New York Store Fronts, Inc. to perform construction work on the front exterior of their building, located at 179 Grand Street, Brooklyn, New York. Plaintiff is the employee assigned by New York Store Fronts to perform the work. In order to perform some of the work, plaintiff placed a closed stepladder on top of a scaffold platform. Plaintiff was working from the fourth step of the ladder when the scaffold moved and caused him to fall. Plaintiff commenced this action alleging negligence and violations of the Labor Law. Plaintiff and third-party defendant both move for summary judgment on the claim that defendants violated section 240 (1) of the Labor Law.
Section 240 (1) of the Labor Law places the responsibility for work-site safety practices upon the owner and general contractor, and imposes strict liability for their failure to provide the safety devices necessary to provide “proper protection” to the worker against the hazards of his work (Bland v Manocherian, 66 NY2d 452 [1985]). Liability is imposed regardless whether the owner or general contractor may have exercised any degree of control (Haimes v New York Tel. Co., 46 NY2d 132, 136-137 [1978]).
In order “[t]o recover on a cause of action pursuant to Labor Law § 240 (1), a plaintiff must demonstrate that there was a violation of the statute, and that the violation was a proximate cause of the accident” (Gittleson v Cool Wind Ventilation Corp., 46 AD3d 855, 856 [2007]). As a general rule, the contributory negligence of the worker is not a defense (Moniuszko v Chatham Green, Inc., 24 AD3d 638, 639 [2005]). However, in Robinson v East Med. Ctr., LP (6 NY3d 550 [2006]) and Montgomery v Federal Express Corp. (4 NY3d 805 [2005]), the Court of Appeals ruled that when a plaintiff declines to use available safety equipment, the defendant has not violated the statute and the plaintiffs actions are the sole proximate cause of the injury. In this case, the defendants concede that adequate safety gear was not available at the job site. However, they argue that the plaintiff was the sole proximate cause of the accident because he could have used appropriate safety devices which were available at his employers’ warehouse, which was a 15-minute drive away.
In Robinson, the Court found that “there were adequate safety devices . . . available for plaintiffs use at the job site” (Robinson, 6 NY3d at 555). In Montgomery, the Court found *821 that the necessary safety devices were “readily available” and “at the job site” (Montgomery, 4 NY3d at 806). Thus, neither case supports the proposition that the presence of safety equipment at some other location fulfills the duties imposed by Labor Law § 240 (1). The court finds that extending the “sole proximate cause” rule to situations where the necessary safety equipment is not available at the job site would be an unwarranted extension of the Robinson and Montgomery precedents.
Turning to the case at bar, the court finds that the defendants failed to provide the plaintiff with “proper protection” as required by section 240 (1) of the Labor Law. The court also finds that this failure was a substantial factor in causing the accident. Accordingly, the plaintiffs cross motion is granted on this issue.
With respect to the defendants’ motion to dismiss the common-law negligence claim and the claim pursuant to Labor Law § 200, the court finds that the defendants have established their prima facie entitlement to summary judgment and the plaintiff has failed to raise an issue of fact in opposition.
Accordingly, the defendants’ motion for summary judgment is granted to the extent that the common-law negligence and Labor Law § 200 causes of action are dismissed. The motion is otherwise denied. The plaintiff’s cross motion for summary judgment on the Labor Law § 240 (1) cause of action is granted.
The defendants and third-party plaintiffs’ motion for a default judgment against New York Store Fronts is granted.