JOHN J. WHALEN et al., Respondents, v EXXONMOBIL OIL CORPORATION et al., Appellants. [856 NYS2d 789]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered September 11, 2007 in a personal injury action. The order, insofar as appealed from, denied in part defendants' motion *for summary judgment* dismissing the complaint and granted plaintiffs' cross motion for partial summary judgment on liability on the Labor Law § 240 (1) claim.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by John J. Whalen (plaintiff). Plaintiff was injured when he leaned a six-foot A-frame ladder in the closed position against a door and stood on the first or second rung from the

top. As plaintiff reached one hand above his head, the door swung open, and the ladder fell forward, causing plaintiff to fall to the ground. Supreme Court properly granted plaintiffs' cross motion seeking partial summary judgment on liability on the Labor Law § 240 (1) claim. Plaintiffs met their initial burden by submitting evidence establishing that "defendant[s] violated Labor Law § 240 (1) by failing to ensure the proper placement of the ladder" (*Klein v City of New York*, 89 NY2d 833, 835 [1996]; *see Losurdo v Skyline Assoc., L.P.*, 24 AD3d 1235, 1236-1237 [2005]; *Alligood v Hospitality W., LLC*, 8 AD3d 1102 [2004]; *Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]), and that such violation was a proximate cause of plaintiff's injuries (*Rudnik v Brogor Realty Corp.*, 45 AD3d 828, 829 [2007]). Defendants failed to raise a triable issue of fact sufficient to defeat the cross motion. "While the plaintiff may have been negligent in [leaning the ladder against the door], the plaintiff's conduct cannot be considered the sole proximate cause of his injuries" (*Rudnik*, 45 AD3d 828, 829 [2007]; *see also Alligood*, 8 AD3d 1102 [2004]). Further, the evidence submitted by defendants establishing "that the ladder was structurally sound and not defective 'is not relevant on the issue of whether it was properly placed' " (*Woods v Design Ctr., LLC*, 42 AD3d 876, 877 [2007]). We reject the contention of defendants that the court erred in denying that part of their motion seeking summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is premised on the violation of 12 NYCRR 23-1.21. Defendants failed to establish that 12 NYCRR 23-1.21 (b) (9) is not applicable to the facts of this case, and they also failed to establish that they did not violate the regulation or that such violation was not a proximate cause of plaintiff's injuries (*see Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1349 [2003]). Present—Martoche, J.P., Centra, Lunn, Peradotto and Green, JJ.