■ Bogdan Chlebowski, Respondent, v James Esber et al., Appellants. (And a Third-Party Action.) [871 NYS2d 652]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated January 28, 2008, as denied that branch of their motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) and granted the plaintiff's cross motion for summary judgment on the issue of liability on that cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was employed by the third-party defendant New York Store Fronts, Inc., a company hired by the defendants to remove and replace imitation brick on the exterior of a building they owned. While working at the building, the plaintiff was standing on a closed ladder on top of a scaffold when the scaffold suddenly moved, causing the plaintiff to fall 10 feet to the ground. The defendants had not provided the plaintiff with any safety devices.

Labor Law § 240 (1) provides, in pertinent part, "[a]ll contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a

building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." "In order to prevail on a Labor Law § 240 (1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (*Rudnik v Brogor Realty Corp.*, 45 AD3d 828, 829 [2007]; *see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]). Labor Law § 240 (1) "creates a liability that is strict, or absolute, in two senses: the duty it imposes is nondelegable, and thus contractors and owners are liable under the statute whether or not they supervise or control the work; and where an accident is caused by a violation of the statute, the plaintiff's own negligence does not furnish a defense" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d at 39). There is no liability "where a plaintiff's own actions are the sole proximate cause of the accident" (*id.*).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that the defendants failed to provide him with any safety devices, and that their violation of Labor Law § 240 (1) was a proximate cause of his injuries (*see Rudnik v Brogor Realty Corp.*, 45 AD3d 828 [2007]; *Guaman v New Sprout Presbyt. Church of N.Y.*, 33 AD3d 758 [2006]; *Lopez v Melidis*, 31 AD3d 351 [2006]; *Tavarez v Weissman*, 297 AD2d 245 [2002]). In opposition, the defendants failed to raise a triable issue of fact. While it is possible that the plaintiff was negligent in placing a closed A-frame ladder against the wall on top of the scaffold, his conduct cannot be considered the sole proximate cause of his injuries (*see Rudnik v Brogor Realty Corp.*, 45 AD3d at 829; *O'Connor v Enright Marble & Tile Corp.*, 22 AD3d 548 [2005]; *Torres v Monroe Coll.*, 12 AD3d 261 [2004]; *Tavarez v Weissman*, 297 AD2d 245 [2002]).

The defendants' remaining contentions are without merit. Rivera, J.P., Santucci, Carni and Dickerson, JJ., concur. [*See* 18 Misc 3d 819 (2008).]