■ JOHN H. BALZER, Respondent, v CITY OF NEW YORK et al., Defendants, and TULLY CONSTRUCTION COMPANY, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. CORNELL & COMPANY, INC., Third-Party Defendant-Appellant. [877 NYS2d 435]—

In an action to recover damages for personal injuries, the defendants and third-party plaintiffs appeal, and the third-party defendant separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered January 28, 2008, as granted the plaintiff's motion for summary judgment on the issue of liability on his claims pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

On September 13, 2004, the plaintiff, an ironworker employed by the third-party defendant, was injured while working at a construction site involving rehabilitation of the Whitestone Expressway. The plaintiff was part of a crew bolting lateral

bracing to road beams on an elevated roadway under construction. He was wearing a safety harness and lanyard that could be attached to either a safety cable or another stationary object. It is undisputed that there were no safety cables in the plaintiff's work area. As a consequence, the plaintiff tied his lanyard around a steel "cross bracing stiffener" which he believed was stationary since he could see that each end was bolted to the beam to which it was attached. However, when his coworkers began operating a hydraulic jack, the "cross bracing stiffener" moved, one end became detached from the beam to which it was attached, the plaintiff's lanyard slipped off, and he fell approximately 15 feet to the ground, fracturing his pelvis.

The plaintiff commenced this action against, among others, the general contractors on the project, seeking damages, inter alia, for a violation of Labor Law § 240 (1). The general contractors impleaded his employer. After discovery was completed, the plaintiff moved for summary judgment as to liability on his claims pursuant to Labor Law § 240 (1). The general contractors and the plaintiff's employer (hereinafter together the appellants) opposed the motion. The Supreme Court granted the motion and we affirm.

Labor Law § 240 (1) imposes liability upon owners and contractors who violate the statute by failing to provide or erect safety devices necessary to give proper protection to workers exposed to elevation-related hazards, where such failure constitutes a proximate cause of the accident (*see Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, 490-491 [1995]; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500-501 [1993]; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513 [1991]). It is not a defense to liability pursuant to Labor Law § 240 (1) that the plaintiff's fault contributed to the accident, unless it can be said that the plaintiff's conduct was the sole proximate cause of the accident as a matter of law (*see Cahill v Triborough Bridge & Tunnel Auth.,* 4 NY3d 35, 39 [2004]; *Chlebowski v Esber,* 58 AD3d 662 [2009]).

"The burden of showing that an elevation-related risk exists, and that the owner or contractor did not provide adequate safety devices, falls upon the plaintiff" (*Broggy v Rockefeller Group, Inc.,* 8 NY3d 675, 681 [2007]). In the instant case, the plaintiff established his entitlement to judgment as a matter of law by establishing that he used a body harness and lanyard that were provided to him, but since no safety cable was provided, he attempted to attach the lanyard to what appeared to be a stationary object (*see Bonilla v State of New York,* 40 AD3d 673 [2007]). Although the fact that the object was not as stationary as it ap-

peared might be evidence that the plaintiff was partially at fault for the happening of the accident, that is not a defense to liability under Labor Law § 240 (1) (*see Chlebowski v Esber,* 58 AD3d 662 [2009]).

The plaintiff established, prima facie, that he did not violate any instruction to use safety equipment (*see Cahill v Triborough Bridge & Tunnel Auth.,* 4 NY3d 35 [2004]), and that he was not instructed to use any of the stationary objects which the appellants, with the benefit of hindsight, claim he should have used instead of the "cross bracing stiffener" (*see Palacios v Lake Carmel Fire Dept., Inc.,* 15 AD3d 461 [2005]). In response to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, the appellants failed to raise a triable issue of fact.

The appellants' remaining contentions are without merit, or need not be reached in light of our determination. Mastro, J.P., Dillon, Leventhal and Chambers, JJ., concur.