DANILO RIFFO-VELOZO, Appellant, v VILLAGE OF SCARSDALE et al, Respondents. [891 NYS2d 418]—

The plaintiff allegedly was injured while installing new garage doors at a building owned by the defendant Village of Scarsdale. The doors were about 22 feet wide and 16 feet tall. The plaintiff leaned an extension ladder against or just above a newly-installed door, and climbed up to install a metal arm that served to connect an electric garage door opener to the garage door so that the door could be opened automatically. At the plaintiff's deposition, he indicated that the garage door opener was supposed to be receiving electricity, but that he did not think the system was yet receiving power. While the plaintiff stood on the ladder tightening a screw on the arm, the garage door started to lift open, tipping the ladder over backwards. The plaintiff fell off the ladder and landed on the cement floor 12 feet below.

"Labor Law § 240 (1) imposes absolute liability upon an owner or contractor for failing to provide or erect safety devices necessary to give proper protection to a worker who sustains injuries proximately caused by that failure" (*Bland v Manocherian*, 66 NY2d 452, 459 [1985]). "[T]he availability of a particular safety device will not shield an owner or general contractor from absolute liability if the device alone is not sufficient to provide safety without the use of additional precautionary devices or measures" (*Conway v New York State Teachers' Retirement Sys.*, 141 AD2d 957, 958-959 [1988]; *see Nimirovski v Vornado Realty Trust Co.*, 29 AD3d 762, 762 [2006]).

"In this case, plaintiff was working on a ladder and thus was subject to an 'elevation-related risk' " (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561 [1993]; *see Mooney v PCM Dev. Co.*, 238 AD2d 487, 488 [1997]). "The ladder did not prevent plaintiff from falling; thus the 'core' objective of section 240 (1) was not met" (*Gordon v Eastern Ry. Supply*, 82 NY2d at 561; *see Woods v Design Ctr., LLC*, 42 AD3d 876, 877 [2007]; *Dasilva v A.J. Contr. Co.*, 262 AD2d 214 [1999]). Moreover, the evidence showed that the accident could have been prevented by the proper placement or erection of the ladder (*see Klein v City of New York*, 89 NY2d 833, 835 [1996]; *Quinlan v Eastern Refractories Co.*, 217 AD2d 819, 820 [1995]), or by the use of one or more of the other devices listed in Labor Law § 240 (1)— e.g., an A-frame ladder (*see Rudnik v Brogor Realty Corp.*, 45

AD3d 828, 829 [2007]; *Guaman v New Sprout Presbyt. Church of N.Y.*, 33 AD3d 758, 758-759 [2006]).

The plaintiff thus established, prima facie, his entitlement to summary judgment on the issue of liability under Labor Law § 240 (1) based on the evidence which demonstrated that he was not provided with the proper protection required under the statute, and that the failure to provide such protection was a proximate cause of his injuries (*see Klein v City of New York*, 89 NY2d at 835; *Whalen v ExxonMobil Oil Corp.*, 50 AD3d 1553, 1553-1554 [2008]; *Rudnik v Brogor Realty Corp.*, 45 AD3d at 829; *Guaman v New Sprout Presbyt. Church of N.Y.*, 33 AD3d at 758-759). In opposition, the defendants failed to raise a triable issue of fact. "The defendant[s] did not offer any evidence, other than mere speculation, that undermined the prima facie case or presented a bona fide issue regarding the plaintiff's credibility as to a material fact" (*Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d 545, 545-546 [2006]; *see Klein v City of New York*, 89 NY2d at 835).

Moreover, contrary to the defendants' contention, the fact that the garage door opener began to lift open the garage door while the plaintiff was working to attach the lifting arm was "not of such an extraordinary nature or so attenuated from the statutory violation as to constitute a superseding cause sufficient to relieve the defendant of liability" (*deSousa v Dayton T. Brown, Inc.*, 280 AD2d 447, 448 [2001]; *see Gordon v Eastern Ry. Supply*, 82 NY2d at 562; *Nimirovski v Vornado Realty Trust Co.*, 29 AD3d at 762; *Vasquez v Chase Manhattan Bank*, 266 AD2d 3, 4 [1999]; *Dasilva v A.J. Contr. Co.*, 262 AD2d 214, 214-215 [1999]; *Mooney v PCM Dev. Co.*, 238 AD2d 487, 488 [1997]; *LaFleur v Consolidated Edison Co. of N.Y.*, 221 AD2d 250 [1995]; *Quinlan v Eastern Refractories Co.*, 217 AD2d at 820). "While the plaintiff may have been negligent in placing [the ladder against the garage door], the plaintiff's conduct cannot be considered the sole proximate cause of his injuries" (*Rudnik v Brogor Realty Corp.*, 45 AD3d at 829; *see Whalen v ExxonMobil Oil Corp.*, 50 AD3d at 1553-1554; *Torres v Monroe Coll.*, 12 AD3d 261, 262 [2004]; *see generally Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]; *Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]). Accordingly, the Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability under Labor Law § 240 (1).

However, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability under Labor Law § 241 (6). "Labor Law § 241

(6) . . . requires owners and contractors to 'provide reasonable and adequate protection and safety' for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]). "The duty to comply with the Commissioner's safety rules, which are set out in the Industrial Code (12 NYCRR), is nondelegable" (*Misicki v Caradonna*, 12 NY3d 511, 515 [2009]). However, "[c]ontributory and comparative negligence are valid defenses to a section 241 (6) claim; moreover, breach of a duty imposed by a rule in the Code is merely some evidence for the factfinder to consider on the question of a defendant's negligence" (*Misicki v Caradonna*, 12 NY3d at 515).

The plaintiff asserted violations of two Industrial Code provisions: 12 NYCRR 23-1.21 (b) (4) (iv) and (9). Although the plaintiff submitted evidence sufficient to establish that 12 NYCRR 23-1.21 (b) (4) (iv) was violated, "an issue of fact exists as to whether a violation of this provision was the proximate cause of [the plaintiff's] injury" (*Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173, 176 [2004]; *cf. Trippi v Main-Huron, LLC*, 28 AD3d 1069, 1070 [2006]; *Blair v Cristani*, 296 AD2d 471, 472 [2002]). Furthermore, although there is evidence that the defendants violated 12 NYCRR 23-1.21 (b) (9), there is also evidence that the plaintiff was negligent in leaning the ladder against or above the garage door while he performed his work and, thus, "the plaintiff failed to establish his entitlement to judgment as a matter of law [on the issue of liability under Labor Law § 241 (6)], since his submissions reveal that there are triable issues of fact which preclude the award of summary judgment" (*Ascencio v Briarcrest at Macy Manor, LLC*, 60 AD3d 606, 607 [2009]; *see Edwards v C&D Unlimited*, 295 AD2d 310, 311 [2002]; *Amirr v Calcagno Constr. Co.*, 257 AD2d 585, 586 [1999]; *Drago v New York City Tr. Auth.*, 227 AD2d 372, 373 [1996]). Fisher, J.P., Angiolillo, Eng and Lott, JJ., concur.