■ Fritz Leconte, Appellant, v 80 East End Owners Corp. et al., Respondents. [915 NYS2d 140]—

In an action to recover damages for personal injuries, the

plaintiff appeals from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered May 10, 2010, as denied his motion for summary judgment on the issue of liability on the third cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on the third cause of action alleging a violation of Labor Law § 240 (1) is granted.

The plaintiff alleges that he was injured in the course of his employment as an installer of security systems while tying cable wire to conduit piping in the boiler room of a building in Manhattan. He claims that he was given an eight-foot A-frame ladder by one of the building's employees and tried to place it in an opened position onto a stairway landing in order to reach the piping. After finding that he was unable to fit it onto the landing in an opened position, he leaned the closed ladder against a wall from atop the landing. While working on the ladder, he felt it tilt to the left as a part of it went through one of the gaps between the metal slats of the landing. The plaintiff fell with the ladder, allegedly sustaining injuries.

The plaintiff commenced this action against 80 East End Owners Corp. and Douglas Elliman Property Management, the owner and managing agent of the building, respectively (hereinafter together the defendants). The defendants' job superintendent testified, at his deposition, that the plaintiff was not offered use of the building's ladders, which were stored in the boiler room near the plaintiff's work area, and that he had seen the plaintiff standing on a railing in the boiler room shortly before the accident.

The plaintiff moved for summary judgment on the issue of liability on the third cause of action alleging a violation of Labor Law § 240 (1). The Supreme Court, inter alia, denied the plaintiff's motion. We reverse the order insofar as appealed from.

"In order to prevail on a Labor Law § 240 (1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (*Rudnik v Brogor Realty Corp.*, 45 AD3d 828, 829 [2007]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). The defendants argue that the plaintiff failed to establish his entitlement to judgment as a matter of law in light of the conflicting accounts of the plaintiff and the defendants' witnesses with regard to the manner in which the accident occurred. While the plaintiff stated that he used a ladder and fell

when a part of it went through the metal slats of the stairway landing, the defendants' witnesses testified during their examinations before trial that the plaintiff had not been offered the use of a ladder, that ladders were stored, unchained, near his work area, and that he was seen standing on the railing of the stairway landing shortly before the accident.

Although a motion for summary judgment "should not be granted where the facts are in dispute" (*Ampolini v Long Is. Light. Co.*, 186 AD2d 772, 773 [1992]), the dispute "must relate to *material* issues" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312 [2004]; *see Rizk v Cohen*, 73 NY2d 98, 105 [1989]). The dispute here does not relate to a material issue, as the plaintiff would be entitled to summary judgment under either set of facts (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 312).

Whether the plaintiff here used a ladder and fell when a part of it went through the gaps of the stairway landing, or did not use one of the building's ladders and fell from the stairway's railing, he established his prima facie entitlement to judgment as a matter of law by showing that he was not provided with a proper safety device with which he could perform his job, and that the defendants' failure to provide such protection was a proximate cause of his injuries (*see Riffo-Velozo v Village of Scarsdale*, 68 AD3d 839, 840-841 [2009]; *Rudnik v Brogor Realty Corp.*, 45 AD3d at 829; *see also Gallagher v New York Post*, 14 NY3d 83, 88 [2010]; *Klein v City of New York*, 89 NY2d 833, 834 [1996]).

In opposition, the defendants failed to raise a triable issue of fact under either set of facts. Under the defendants' version of the facts, the plaintiff's alleged conduct in climbing on the railing cannot be considered the sole proximate cause of the accident since the defendants' proof showed that he was not offered the use of the building's ladders. The defendants' account also failed to raise an issue of fact as to whether the plaintiff knew he was allowed to use the building's ladders but chose not to do so, so as to create a triable factual issue as to whether or not the alleged conduct of the plaintiff in climbing on the railing instead of using a ladder could be considered the sole proximate cause of the accident (*see Gallagher v New York Post*, 14 NY3d at 88; *cf. Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554-555 [2006]; *Herrnsdorf v Bernard Janowitz Constr. Corp.*, 67 AD3d 640, 642-643 [2009]). While the defendants' expert's affidavit suggests, with regard to the plaintiff's account of the facts, that the plaintiff may have been negligent in placing the closed A-frame ladder against the wall from atop the stairway

landing in a manner that allowed a part of it to go through one of the gaps between the metal slats, "the plaintiff's conduct cannot be considered the sole proximate cause of his injuries" (*Rudnik v Brogor Realty Corp.*, 45 AD3d at 829; *Riffo-Velozo v Village of Scarsdale*, 68 AD3d at 841; *see Rico-Castro v Do & Co N.Y. Catering, Inc.*, 60 AD3d 749, 750 [2009]). Florio, J.P., Eng, Belen and Austin, JJ., concur.