■ MANUEL JIMENEZ et al., Respondents, v RC CHURCH OF EPIPHANY, Appellant. [926 NYS2d 133]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated June 23, 2010, which granted the plaintiffs' motion for summary judgment on the issue of liability on the causes of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

While painting the walls of the defendant's church, the plaintiffs allegedly placed a closed A-frame ladder atop a scaf-

fold and leaned the ladder against the wall, as their supervisors had instructed them. Although the plaintiffs locked the wheels of the scaffold, the scaffold moved away from the wall while one of the plaintiffs was on the ladder and the other plaintiff was standing on the scaffold bracing the ladder. Both plaintiffs fell and were injured. The plaintiffs commenced this action against the defendant alleging, inter alia, a violation of Labor Law § 240 (1), in that the defendant's failure to provide them with an adequate safety device for their work, which undisputedly involved a "risk arising from a physically significant elevation differential," proximately caused their injuries (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). Following completion of discovery, the plaintiffs moved for summary judgment on the issue of liability on their Labor Law § 240 (1) causes of action. The Supreme Court granted their motion, the defendant appeals, and we affirm.

To recover on a cause of action based on a violation of Labor Law § 240 (1), a plaintiff must demonstrate that his or her injuries were "the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d at 603; *see Quinteros v P. Deblasio, Inc.*, 82 AD3d 861, 862 [2011]; *La Veglia v St. Francis Hosp.*, 78 AD3d 1123, 1126-1127 [2010]).

Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that the defendant failed to provide them with an adequate safety device or ensure that such device was properly placed, and that the defendant's failure was a proximate cause of their injuries (*see* Labor Law § 240 [1]; *Runner v New York Stock Exch., Inc.*, 13 NY3d at 603; *Leconte v 80 E. End Owners Corp.*, 80 AD3d 669, 671 [2011]; *Blair v Cristani*, 296 AD2d 471, 472 [2002]; *Ekere v Airmont Indus. Park*, 249 AD2d 104 [1998]). In opposition, the defendant failed to raise a triable issue of fact (*see Leconte v 80 E. End Owners Corp.*, 80 AD3d at 671). Therefore, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability on their Labor Law § 240 (1) causes of action. Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur.