| |
|---|
| **Zuniga v Trinity NYC Hotel, LLC** |
| 2024 NY Slip Op 32293(U) |
| July 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150513/2021 |
| Judge: Paul A. Goetz |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. PAUL A. GOETZ

*Justice*

      PART          47

---------------------------------------------------------------------------------X

CARLOS FABIAN TAMAY ZUNIGA,

              Plaintiff,

- v -

TRINITY NYC HOTEL, LLC,CAULDWELL-WINGATE
COMPANY, LLC,

              Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150513/2021 |
| MOTION DATE | 12/01/2023 |
| MOTION SEQ. NO. | 002 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71

were read on this motion to/for           JUDGMENT - SUMMARY       .

Upon the foregoing documents, it is

In this personal injury Labor Law action, plaintiff moves pursuant to CPLR § 3212 for summary judgment on his Labor Law § 240(1) claim as against defendants Trinity NYC Hotel ("Trinity") and Cauldwell-Wingate Company ("Cauldwell").

## BACKGROUND

Trinity was the owner of a property located at 50 Trinity Place, New York, New York, 10006, where a new building was being constructed (NYSCEF Doc No 61 ¶ 5 – 6). Cauldwell was the general contractor of the construction project (*id*. at ¶ 7). Cauldwell hired subcontractor Moore Group ("Moore") to pour concrete and build the raw floors for the project (*id*. at ¶ 8 – 9). Plaintiff was a Moore employee who was performing carpentry and framing work at the construction site on December 8, 2020 (*id*. at ¶ 9).

On December 8, 2020 plaintiff was tasked with removing pins from a temporary frame which needed to be removed after the concrete it was forming was set (Zuniga EBT; NYSCEF

150513/2021  TAMAY ZUNIGA, CARLOS FABIAN vs. TRINITY NYC HOTEL, LLC
Motion No.  002

Page 1 of 5

Doc No 65 at 61:24 – 62:8). Plaintiff alleges that while he was on a 6-foot A-frame ladder, he reached up above his head to remove a pin seven feet off the ground using a hammer (*id.* at 73:5 – 73:11, 81:5 – 81:7). Plaintiff alleges that the ladder quickly moved side to side causing him to fall to the ground and hit the floor (*id.* at 81:25 – 83:9). Plaintiff alleges injuries to his back, shoulder, and neck as a result of his fall from the ladder (*id.* at 98:18 – 98:22).

## DISCUSSION

*Summary Judgment Standard*

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011])

**150513/2021   TAMAY ZUNIGA, CARLOS FABIAN vs. TRINITY NYC HOTEL, LLC**          **Page 2 of 5**
**Motion No.  002**

2 of 5

[* 2]

and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

*Labor Law § 240(1)* '

Plaintiff argues that he is entitled to summary judgment on his Labor Law § 240(1) claim because he has submitted undisputed proof that the ladder he was standing on suddenly slipped which caused his injuries. Defendants argue that there is a triable issue of fact as to whether the ladder was defective and thus a violation of Labor Law § 240(1). They also argue that there is a triable issue of fact as to whether the ladder was the proximate cause of plaintiff's injury.

Labor Law § 240(1) states:

> All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

"[T]he Labor Law imposes absolute liability on owners and general contractors for injuries that are proximately caused by the failure to provide appropriate safety devices to workers subject to gravity-related risks" (*Ladd v Thor 680 Madison Ave LLC*, 212 AD3d 107, 111 [1st Dept 2022]). "In order to prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (*Rudnik v Brogor Realty Corp.*, 45 AD3d 828, 829 [2d Dept 2007]). "[A]n accident alone does not establish a Labor Law § 240(1) violation or causation" (*Blake v Neighborhood Hous. Services of New York City, Inc.*, 1 NY3d 280, 289 [2003]). "[T]he single decisive question

**150513/2021   TAMAY ZUNIGA, CARLOS FABIAN vs. TRINITY NYC HOTEL, LLC**
**Motion No.  002**

**Page 3 of 5**

3 of 5

is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). "Plaintiff [can] establish[] his prima facie entitlement to summary judgment on the issue of liability on his Labor Law § 240(1) claim … testimony that the ladder on which he was standing at the time of his accident moved from under him for no apparent reason" (*Pinzon v Royal Charter Properties, Inc.*, 211 AD3d 442, 443 [1st Dept 2022]).

Here, plaintiff submits his deposition testimony which when asked if the ladder moved immediately before he fell, he states that "It moved from side to side, it was quickly when it moved and then I fell" (Zuniga EBT; NYSCEF Doc No 65 at 83:4 – 83:5). As in *Pinzon* this testimony establishes *prima facie* entitlement to summary judgment on liability and the burden shifts to defendants to raise a triable issue of fact. Defendants' opposition focuses on a section of plaintiff's deposition immediately preceding the above section in which when asked, "What caused the ladder to move?" he replies, "That I fell, I fell" (*id*. at 82:16 – 82:17). Defendants argue that this raises a triable issue of fact as to whether the plaintiff losing his balance caused the ladder to shift, or if the shifting ladder caused the plaintiff to lose his balance. However, when plaintiff's testimony is read as a whole, he is unequivocal that the ladder shifted first which caused his fall.

Unlike in *Cordova v 653 Eleventh Ave. LLC.*, defendants here have not submitted any evidence which refutes plaintiff's claim that the ladder moved prior to his fall (*Cordova v 653 Eleventh Ave. LLC.*, 190 AD3d 637 [1st Dept 2021] [dismissing a Labor Law § 240(1) claim when defendant submitted surveillance footage showing that the ladder plaintiff was standing on did not move and was secured to the scaffolding structure above]). Therefore, defendants have

**150513/2021   TAMAY ZUNIGA, CARLOS FABIAN vs. TRINITY NYC HOTEL, LLC**
**Motion No.  002**

**Page 4 of 5**

4 of 5

[* 4]

failed to raise a triable issue of fact to refute plaintiff's *prima facie* showing and summary judgment will be granted to plaintiff.

Accordingly it is,

ORDERED that plaintiff's motion for summary judgment on his Labor Law § 240(1) claim as against Trinity and Cauldwell is granted.

20240708154828PGOETZ1FA5D6AD9B9FA4B82AE50372C6B3E63C7

**7/8/2024**
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150513/2021   TAMAY ZUNIGA, CARLOS FABIAN vs. TRINITY NYC HOTEL, LLC**
**Motion No.  002**

Page 5 of 5

5 of 5