**Szczesiak v Ery Tenant LLC**

2024 NY Slip Op 33090(U)

September 4, 2024

Supreme Court, New York County

Docket Number: Index No. 153101/2020

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. PAUL A. GOETZ** | **PART** | **47** |
| | *Justice* | | |

-----------------------------------------------------------------------------X

MIKOLAJ SZCZESIAK,

                      Plaintiff,

               - v -

ERY TENANT LLC,ERY NORTH TOWER RHC TENANT LLC,HUDSON YARDS CONSTRUCTION LLC,TISHMAN CONSTRUCTION CORPORATION, CONSIGLI & ASSOCIATES, LLC F/K/A G. NICKEL & ASSOCIATES, LLC,T.G. NICKEL & ASSOCIATES, LLC,ECLIPSE DEVELOPMENT INC.,EQUINOX HOLDINGS, INC.

                      Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153101/2020 |
| **MOTION DATE** | 06/26/2023 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 111, 112, 113, 114, 115, 116, 117, 118, 120, 121

were read on this motion to/for           SUMMARY JUDGMENT(AFTER JOINDER    .

      In this personal injury Labor Law action, plaintiff moves pursuant to CPLR § 3212 for summary judgment on his Labor Law § 240(1) claim as against defendants s ERY NORTH TOWER RHC TENANT LLC ("ERY"), EQUINOX HOLDINGS, INC. ("Equinox"), ECLIPSE DEVELOPMENT INC. ("Eclipse"), CONSIGLI & ASSOCIATES, LLC F/K/A T.G. NICKEL & ASSOCIATES, LLC I/S/H/A CONSIGLI & ASSOCIATES, LLC F/K/A G. NICKEL & ASSOCIATES, LLC AND T.G. NICKEL & ASSOCIATES, LLC ("Consigli/Nickel").

## BACKGROUND

      Defendant, ERY, owned the building located at 35 Hudson Yards/560 West 33rd Street, New York, New York (NYSCEF Doc No 94 ¶ 10). Defendant Equinox was the lessee who, through its agent/"subentity" defendant Eclipse, contracted defendant, Consigli/Nickel for the construction project (NYSCEF Doc No 99 at 12:9 – 12:24, 16:7 – 16:20, 18:3 – 18:7; see also

**153101/2020   SZCZESIAK, MIKOLAJ vs. ERY TENANT LLC**
**Motion No.  003**

**Page 1 of 5**

NYSCEF Doc No 103 at 54:2 – 54:6). Consigli/Nickel was the general contractor for the project and they hired subcontractor non-party Crana Electric, who employed plaintiff as an electrician (NYSCEF Doc No 99 at 16:12 – 16:14; NYSCEF Doc 103 at 20:8 – 20:16; NYSCEF Doc No 97 at 67:22 – 68:8).

On September 11, 2019 plaintiff was tasked with troubleshooting some nonfunctioning lights on the 11th floor of the building (NYSCEF Doc No 97 at 209:18 – 210:6). Plaintiff testified that in order to perform this work he had to access a panel within a ceiling hatch which was about 11 feet off the ground. Plaintiff testified that he had to use a 10 floor A-frame ladder which he claims was the only available equipment suited for this task (*id*. at 122:2 – 123:11, 242:9 – 242:17, 330:12 – 330:25). Plaintiff testified that while he was three steps from the top of the ladder, and his torso was through the access panel, he received an electric shock to his hand, then felt the ladder wobble and shift, causing him to fall (*id*. at 273:23 – 275:11, 302:6 – 303:13).

## DISCUSSION

*Summary Judgment Standard*

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material

**153101/2020   SZCZESIAK, MIKOLAJ vs. ERY TENANT LLC**
**Motion No.  003**

**Page 2 of 5**

2 of 5

[* 2]

issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

*Labor Law § 240(1)* '

Plaintiff argues that he is entitled to summary judgment on his Labor Law § 240(1) claim because he has submitted undisputed proof that the ladder he was standing on suddenly wobbled and shifted which caused his injuries. Defendants argue that there is a triable issue of fact as to whether the ladder was defective and thus a violation of Labor Law § 240(1). They also argue that there is a triable issue of fact as to whether the ladder was the proximate cause of plaintiff's injury, as they argue that the electric shock plaintiff received was the cause of his fall and thus an alleged violation of Labor Law § 240 could not be the proximate cause of his injury.

Labor Law § 240(1) states:

> All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers,

**153101/2020   SZCZESIAK, MIKOLAJ vs. ERY TENANT LLC**
**Motion No.  003**

**Page 3 of 5**

3 of 5

> blocks, pulleys, braces, irons, ropes, and other devices which shall
> be so constructed, placed and operated as to give proper protection
> to a person so employed.

"[T]he Labor Law imposes absolute liability on owners and general contractors for injuries that are proximately caused by the failure to provide appropriate safety devices to workers subject to gravity-related risks" (*Ladd v Thor 680 Madison Ave LLC*, 212 AD3d 107, 111 [1st Dept 2022]). "In order to prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (*Rudnik v Brogor Realty Corp.*, 45 AD3d 828, 829 [2d Dept 2007]). "[A]n accident alone does not establish a Labor Law § 240(1) violation or causation" (*Blake v Neighborhood Hous. Services of New York City, Inc.*, 1 NY3d 280, 289 [2003]). "[T]he single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). "Plaintiff [can] establish[] his prima facie entitlement to summary judgment on the issue of liability on his Labor Law § 240(1) claim … testimony that the ladder on which he was standing at the time of his accident moved from under him for no apparent reason" (*Pinzon v Royal Charter Properties, Inc.*, 211 AD3d 442, 443 [1st Dept 2022]).

Here, plaintiff submits deposition testimony that he was performing work on the 10 foot ladder, that the ladder suddenly shifted, and that because of that sudden shifting he fell from the ladder. While "[i]t is well settled that a statutory violation is established if a scaffold or ladder shifts, slips, or collapses, thereby causing injury to a worker" (*Castillo v TRM Contr. 626, LLC*, 211 AD3d 430 [1st Dept 2022], here there is a triable issue of fact as to whether the electrical shock received by plaintiff caused him to fall from the ladder. While, plaintiff testified that he

**153101/2020 SZCZESIAK, MIKOLAJ vs. ERY TENANT LLC**
**Motion No. 003**

**Page 4 of 5**

4 of 5

[* 4]

INDEX NO. 153101/2020
RECEIVED NYSCEF: 09/04/2024

turned off the electricity before starting his work, defendants submit the testimony of plaintiff's supervisor Edgar Chavez, who avers that when he arrived at the site of the accident he noticed that the lighting and electricity in the area was on (NYSCEF Doc 114 at ¶ 6). He further states that he then tested the wires plaintiff was working on using a voltmeter and confirmed that they were live (*id.* at ¶ 9). Chavez avers that Crana Electric employees were instructed to always turn off the electricity and to never work on live wires (*id*. at ¶ 8). Therefore, defendants have raised a triable issue of fact as to whether plaintiff was the sole proximate cause of his injury by not turning the electricity off prior to performing his required tasks. Accordingly, plaintiff's motion for summary judgment on his Labor Law § 240 (1) claim will be denied.

Accordingly it is,

ORDERED that plaintiff's motion for summary judgment on his Labor Law § 240 claim is denied.

20240904173424PGOETZ11BC4440FC20A4DF36394471CDB7FFE0C

| 9/4/2024 | | PAUL A. GOETZ, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**153101/2020   SZCZESIAK, MIKOLAJ vs. ERY TENANT LLC**
**Motion No.  003**

Page 5 of 5