## Molina v Venchi 2, LLC

### 2024 NY Slip Op 33556(U)

October 3, 2024

Supreme Court, Kings County

Docket Number: Index No. 505745/2019

Judge: Wayne Saitta

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 29 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 3rd day of October 2024.

P R E S E N T:

HON. WAYNE SAITTA, Justice.

-------------------------------------------------------------X

EDUARDO MOLINA,

                                        Plaintiff,

                    -against-

VENCHI 2, LLC, CENTRAL AREA EQUITIES ASSOCIATES, LLC., TRANSWORLD EQUITIES, INC., and EMPIRE RESTORATION CONSULTING CORP.,

                                        Defendants.

-------------------------------------------------------------X

VENCHI 2, LLC,

                    Third-Party Plaintiff

                    -against-

EMPIRE RESTORATION CONSULTING CORP.,

                    Third-Party Defendant

-----------------------------------------------------------------X

Index No. 505745/2019

MS #5 & MS #7 & MS #8

Order

The following papers read on this motion:

NYSCEF Doc Nos

| | |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Affidavits (Affirmations) and Exhibits | 116-132, 172-183, 191-207, 220 |
| Cross-motions Affidavits (Affirmations) and Exhibits | |
| Answering Affidavit (Affirmation) | 155-171, 208-211, 222-232, 233-238 |
| Reply Affidavit (Affirmation) | 212-216, 239-245 |
| Supplemental Affidavit (Affirmation) | |

It is ORDERED, that Plaintiff's motion for summary judgment on his claim pursuant to Labor Law § 240(1) is Denied. The affidavit of Jaime Cebada Meza in which

[* 1]

he states that Plaintiff fell from a ladder that he placed on top of the scaffold and leaned against the wall, and that he and his co-employees told him not to do so, contradicts Plaintiff's testimony that the scaffold collapsed and is sufficient to raise a question of fact as to whether there was a violation of Labor Law § 240(1). Plaintiff's reliance on *Jimenez v. RC Church of Epiphany*, 85 AD3d 974 [2d Dept 2011], is misplaced. In that case, Plaintiff was instructed by his supervisors to place the ladder on top of the scaffold. The fact that Meza's name and address were not disclosed to Plaintiff despite a demand does not preclude considering his affidavit in opposition to a motion for summary judgment. Whether Meza is permitted to testify at trial is a matter for the trial judge. Also, the deposition testimony of Thomasz Fryc was that he viewed the scaffold on the day after the accident and that it was intact contradicts Plaintiff's claim that the scaffold collapsed; and it is further,

ORDERED, that that portion of the motion of Defendants CENTRAL AREA EQUITIES ASSOCIATES, LLC., and TRANSWORLD EQUITIES, INC., for summary judgment dismissing Plaintiff's claims against them pursuant to Labor Law § 200 is Granted. The accident involved the means and methods of construction rather than a dangerous condition at the premises and Defendants CENTRAL and TRANSWORLD did not supervise or control Plaintiff's work; and it is further,

ORDERED, that that portion of the motion of Defendants CENTRAL AREA EQUITIES ASSOCIATES, LLC., and TRANSWORLD EQUITIES, INC., for summary judgment on their claims against Defendant VENCHI 2 LLC for contractual indemnification is Denied, as the indemnification provision in the lease only requires VENCHI 2 LLC to indemnify them to the extent that they are not reimbursed by insurance and it is undetermined at this point whether Defendant CENTRAL's insurer will reimburse them for Plaintiff's claims; and it is further

2

ORDERED, that that portion of the motion of Defendants CENTRAL AREA EQUITIES ASSOCIATES, LLC., and TRANSWORLD EQUITIES, INC., for summary judgment on their claims against Defendant EMPIRE RESTORATION CONSULTING CORP. for contractual indemnification is Denied. There is no contract between CENTRAL and EMPIRE, and the contract between EMPIRE and VENCHI required EMPIRE to indemnify the owner of the property. There is a question of fact whether Defendant CENTRAL AREA EQUITIES ASSOCIATES, LLC., or TRANSWORLD EQUITIES, INC. is the owner of the property as the deed is in the name of a different, albeit similarly named, entity.

ORDERED, that that portion of the motion of Defendants CENTRAL AREA EQUITIES ASSOCIATES, LLC., and TRANSWORLD EQUITIES, INC., for summary judgment on their claims against Defendant EMPIRE RESTORATION CONSULTING CORP. for common law indemnification is Denied. Movant has not demonstrated that EMPIRE was negligent; and it is further,

ORDERED, that that portion of the motion of Defendant VENCHI 2 LLC for summary judgment dismissing Plaintiff's claims against it pursuant to Labor Law § 241(6) is Denied. Movant did not address Plaintiff's claims based on Industrial Code section 23-5.1 through 23-5.7 in its original moving papers. It would be improper to consider movants arguments as to those sections raised first in reply as Plaintiff has not had an opportunity to respond to them; and it is further,

ORDERED, that that portion of the motion of Defendant VENCHI 2 LLC for summary judgment dismissing Plaintiff's claims against it pursuant to Labor Law § 200 is Granted. The accident involved the means and methods of construction rather than a dangerous condition at the premises and VENCHI 2 LLC did not supervise or control Plaintiff's work; and it is further,

3

[* 3]

ORDERED, that that portion of the motion of Defendant VENCHI 2 LLC for summary judgment on its claims against Defendant EMPIRE RESTORATION CONSULTING CORP. for common law indemnification is Denied. There are questions of fact whether Defendant EMPIRE was negligent; and it is further,

ORDERED, that that portion of the motion of Defendant VENCHI 2 LLC for summary judgment on its claims against Defendant EMPIRE RESTORATION CONSULTING CORP. for contractual indemnification is Denied. There were two indemnification provisions submitted, one which was limited to Defendant EMPIRE's negligence and the other which covered liability arising out of or in connection to the performance of the work, and did not depend on EMPIRE being negligent. The indemnification provision which did not depend on EMPIRE being negligent was not signed or authenticated. Thus, there are questions of fact as to which indemnification provision governed and whether EMPIRE was negligent; and it is further,

ORDERED, that that portion of the motion of Defendant VENCHI 2 LLC for summary judgment on its claims against Defendant EMPIRE RESTORATION CONSULTING CORP. for breach of contract for failure to procure insurance is Denied. There were two insurance provisions submitted, one which only required Defendant EMPIRE to obtain insurance and the other which required EPMIRE to obtain insurance coverage for VENCHI. EMPIRE did procure insurance for itself although that coverage is being challenged. The insurance provision which required EMPIRE to provide insurance for VENCHI was not signed or authenticated. Thus, there are questions of fact as to which insurance provision governed; and it is further,

ORDERED, that that portion of the motion of Defendant VENCHI 2 LLC for summary judgment dismissing Defendant CENTRAL AREA EQUITIES ASSOCIATES, LLC.'s claims against it for common law indemnification is Granted. The accident

4

[* 4]

involved the means and methods of construction rather than a dangerous condition at the premises and Defendant VENCHI 2 LLC did not supervise or control Plaintiff's work; and it is further,

ORDERED, that that portion of the motion of Defendant VENCHI 2 LLC for summary judgment dismissing Defendant CENTRAL AREA EQUITIES ASSOCIATES, LLC.'s claims against it for contractual indemnification is Denied. The indemnification provision in Defendant VENCHI's lease only requires VENCHI to indemnify CENTRAL to the extent that it is not reimbursed by insurance and it is undetermined at this point whether CENTRAL's insurer will reimburse them for Plaintiff's claims; and it is further

ORDERED, that that portion of the motion of Defendant VENCHI 2 LLC for summary judgment dismissing Defendant CENTRAL AREA EQUITIES ASSOCIATES, LLC.'s claims against it for failure to procure insurance is Denied. Movant did not set forth a basis to grant summary judgment as to this clam in it moving papers; and it is further,

ORDERED, that that portion of the motion of Defendant VENCHI 2 LLC for summary judgment dismissing Defendant EMPIRE RESTORATION CONSULTING CORP.'s claims against it for contractual indemnification and failure to procure insurance is Granted. Defendant VENCHI's contract with EMPIRE did not require VENCHI to indemnify EMPIRE or procure insurance for EMPIRE.

E N T E R:

_____
JSC

5

[* 5]