Martinez v ST-DIL LLC (2021 NY Slip Op 01513)





Martinez v ST-DIL LLC


2021 NY Slip Op 01513


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 0304631/14 Appeal No. 13357 Case No. 2020-03112 

[*1]Victor Martinez, Plaintiff-Respondent-Appellant,
v
ST-DIL LLC et al., Defendants-Respondents.
The Liberty Blue Group LLC, Third-Party Plaintiff-Respondent,
v
EM Windsor Construction Company, Inc., Third-Party Defendant-Appellant-Respondent. [And a Second-Third Party Action]


Devitt Spellman Barrett LLP, Smithtown (Christi M. Kunzig of counsel), for appellant-respondent.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for Victor Martinez, respondent-appellant.
Baxter Smith & Shapiro, P.C., Hicksville (Robert C. Baxter of counsel), for St-Dil LLC, and The Liberty Blue Group, LLC, respondents.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about January 9, 2020, which denied as untimely plaintiff's motion for partial summary judgment as to Labor Law § 240(1) liability, and the cross motion of defendant/third-party defendant EM Windsor Constructions Company, Inc. for summary judgment dismissing plaintiff's Labor Law §§ 240(1) and 241(6) claims, unanimously modified, on the law, plaintiff's motion for partial summary judgment as to Labor Law §240(1) granted, and EM Windsor's cross motion granted to the extent of dismissing the Labor Law § 241(6) claim insofar as predicated on Industrial Code § 23-1.21(e)(2), and otherwise affirmed, without costs.
Plaintiff's motion for summary judgment was timely, since it was served within 60 days of the note of issue's filing, in accordance with the Part's rules (see Hamilton v National Amusements, Inc., 177 AD3d 449 [1st Dept 2019][timeliness of a motion is based on the date of service of the motion, not on the date of filing]; CPLR 2211; Gazes v Bennett, 38 AD3d 287 [1st Dept 2007]). EM Windsor's cross motion, while untimely, should have been considered, since it was made in response to a codefendant's timely motion seeking relief "'nearly identical' to that sought by the cross motion" (see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449 [1st Dept 2013]).
On the merits, plaintiff prima facie established defendants' violation ofLabor Law § 240(1), as it is undisputed that the only safety devices supplied to him — an unsecured scaffold with a maximum height of six feet and an A-frame ladder — failed to afford him adequate protection to perform his sheetrock installation work while at an elevation, proximately causing his injuries (see Leconte v 80 E. End Owners Corp., 80 AD3d 669, 671 [2d Dept 2011]; Noor v City of New York, 130 AD3d 536, 539-540 [1st Dept 2015], lv dismissed 27 NY3d 975 [2016]). Notably, the record is uncontroverted that the scaffold was not high enough to allow plaintiff to do his work; hence he used the only other readily available device, an A-frame ladder, on top of the scaffold. The ladder had to be used in a closed position, as there was not enough space for it to be opened on the scaffold's platform. When the scaffold moved beneath plaintiff, the ladder toppled over, causing him to fall to the ground below.
In opposition, defendants failed to raise a triable issue. Defendants' contention that plaintiff's actions were the sole proximate cause of the accident is unavailing, since he was not provided a proper safety device to prevent his fall, and that failure is a cause of his injuries (see Saavedra v 89 Park Ave. LLC, 143 AD3d 615 [1st Dept 2016]; Noor, 130 AD3d 536, 540; Leconte, 80 AD3d 669, 671-672).
Additionally, contrary to defendants' argument, there is no requirement for Labor Law § 240(1) purposes that plaintiff know exactly the cause of his accident, or what caused the scaffold or ladder to move, where there [*2]is no dispute that the safety devices failed (see Harrison v V.R.H. Constr. Corp., 72 AD3d 547 [1st Dept 2010]; Orellano v 29 E. 37th St. Realty Corp., 292 AD2d 289, 291 [1st Dept 2002]). Moreover, it is not relevant that the ladder and scaffold were free from defects (see Orellano at 29o).
EM Windsor failed to establish prima facie entitlement to summary judgment dismissing plaintiff's Labor Law § 241(6) claim predicated on alleged violations of Industrial Code §§ 23-1.21(b)(4)(ii) and (iv), as there is sufficient testimony in the record to support such violations, including that the ladder was unsecured and lacked rubber footing, and no one was holding it in place at the time of plaintiff's fall. EM Windsor failed to establish as a matter of law that the alleged violations were not a
proximate cause of plaintiff's accident. However, Industrial Code § 23-1.21(e)(2), which pertains to a "stepladder . . . opened to its full position," is inapplicable.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021