Cabrera v DIRECTV, LLC (2022 NY Slip Op 03438)





Cabrera v DIRECTV, LLC


2022 NY Slip Op 03438


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Kern, J.P., Oing, Singh, Moulton, Scarpulla, JJ. 


Index No. 153422/17 Appeal No. 16009 Case No. 2021-03210 

[*1]James Cabrera, Plaintiff-Respondent,
v
DIRECTV, LLC, et al., Defendants-Appellants, MasTec Inc., et al., Defendants.
DIRECTV, LLC, et al., Third-Party Plaintiffs-Appellants,
v
NP Communications & Networking, Inc., Third-Party Defendant.


Goldberg Segalla LLP, White Plains (William T. O'Connell of counsel), for appellants.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about June 24, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim and denied defendants DIRECTV, LLC and MasTec North America, Inc.'s motion for summary judgment dismissing the Labor Law § 241(6) claim under Industrial Code § 23-1.21(b)(4)(iv), unanimously modified, on the law, to deny plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, and otherwise affirmed, without costs.
The motion court should not have granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, because there is an issue of fact as to whether plaintiff fell and broke the ladder or the ladder broke, causing plaintiff to fall.
The motion court properly denied defendants' motion with respect to plaintiff's claim that they violated Industrial Code § 23-1.21(b)(4)(iv), since defendants did not meet their prima facie burden of demonstrating that violation of that provision did not proximately cause the accident (see Martinez v ST-DIL LLC, 192 AD3d 511, 513 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022