Sanchez v Walton Ave. Realty Assoc. LLC (2023 NY Slip Op 01975)

Sanchez v Walton Ave. Realty Assoc. LLC

2023 NY Slip Op 01975

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Webber, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 

Index No. 25616/16E Appeal No. 43 Case No. 2022-03871 

[*1]Manuel Sanchez, Plaintiff-Respondent,
v
Walton Avenue Realty Associates LLC, Defendant-Appellant, 1405 Deli Grocery Corp., et al., Defendants.

Mauro Lilling Naparty LLP, Woodbury (Anthony F. DeStefano of counsel), for appellant.
William Schwitzer & Associates, P.C., New York (Travis K. Wong of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered February 28, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on Labor Law § 240(1) liability against defendant Walton Avenue Realty Associates LLC and denied Walton Avenue Realty Associates LLC's motion for summary judgment dismissing the Labor Law § 240(1) claim, unanimously affirmed, without costs.
The motion court properly granted plaintiff's motion for partial summary judgment on Labor Law § 240 (1) liability against Walton Realty. Walton Realty, the owner of the building, is liable for the Labor Law violation which occurred on its premises, regardless of whether it lacked knowledge or control of the work contracted for by its tenant (see Sanatass v Consolidated Inv. Co., Inc., 10 NY3d 333 [2008]).
Plaintiff's work of installing 30 feet of pipes and electrical lines from two commercial-grade refrigeration units inside the tenant's space to compressors outside in the building's courtyard constituted an alteration of a building (see Mannes v Kamber Mgt., 284 AD2d 310, 310 [2d Dept 2001], lv dismissed 97 NY2d 638 [2001]).
Plaintiff established prima facie that his injuries were proximately caused by a violation of § 240(1), as it is undisputed that the only safety devices supplied to him —two unsecured A-frame ladders — failed to afford him adequate protection to perform the installation of the refrigeration units while at an elevation (see Martinez v ST-DILL LLC, 192 AD3d 511, 512 [1st Dept 2021]). In opposition, Walton Realty failed to raise an issue of fact whether plaintiff's conduct was the sole proximate cause of his injuries. As plaintiff was not provided with an adequate safety device, Walton Realty cannot avail itself of the sole proximate cause defense (see DeRose v Bloomingdale's Inc., 120 AD3d 41, 46 [1st Dept 2014]).
We have considered Walton Avenue's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023