Bialucha v City of New York (2023 NY Slip Op 06470)

Bialucha v City of New York

2023 NY Slip Op 06470

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Kapnick, J.P., Kennedy, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 157054/18 Appeal No. 1243 Case No. 2022-03265 

[*1]Pawel Bialucha, Plaintiff-Appellant-Respondent,
v
The City of New York et al., Defendants-Respondents-Appellants.

The Platta Law Firm, PLLC, New York (Michael L. Taub of counsel), for appellant-respondent.
Lewis Brisbois Bisgaard & Smith, LLP, New York (Nicholas P. Hurzeler of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about July 14, 2022, which, to the extent appealed from as limited by the briefs, denied so much of defendants' motion for summary judgment dismissing plaintiff's Labor Law §§ 240 (1) and 241 (6) claims, and denied plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim as against defendants City of New York and New York City School Construction Authority, unanimously modified, on the law, to grant plaintiff's motion, and otherwise affirmed, without costs.
This personal injury action stems from a construction site accident that occurred when the platform of a baker scaffold on which plaintiff was working collapsed. Approximately three hours earlier, plaintiff and a coworker raised the scaffold to a height of about five feet above the ground. Plaintiff worked on the scaffold for those three hours until the accident occurred.
The evidence that the scaffold on which plaintiff was working at the time of his accident collapsed under him for no apparent reason established his prima facie entitlement to partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8 [2003]; Pirozzo v Laight St. Fee Owner LLC, 209 AD3d 596, 596 [1st Dept 2022]). Defendants failed to raise an issue of fact in opposition. Their expert's opinion that the cause of plaintiff's accident was his alleged failure to properly lock all of the scaffold's pins in place was conclusory, and unsupported by anyone "with personal knowledge of the circumstances surrounding plaintiff's work at the time of the accident" (Pirozzo, 209 AD3d at 597 [internal quotation marks omitted]). "Furthermore, even if it could be established that plaintiff did not lock all the pins in place before ascending the scaffold, this would have amounted to only comparative negligence, which is not a defense to a Labor Law § 240 (1) claim" (id. [internal quotation marks omitted]). Contrary to defendants' argument, this Court's holding in Pirozzo is not distinguishable from the present case on the basis that, there, a coworker, rather than the plaintiff, set up the scaffold at issue.
Accordingly, Supreme Court should have granted plaintiff's motion. The issue of defendants' liability under Labor Law § 241 (6) is therefore academic (see Pimental v DE
Frgt., LLC 205 AD3d 591, 593 [1st Dept 2022]).
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023