Ruiz v BOP 245 Park LLC (2024 NY Slip Op 05419)

Ruiz v BOP 245 Park LLC

2024 NY Slip Op 05419

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Webber, J.P., Oing, Kapnick, Kennedy, JJ. 

Index No. 159255/19 Appeal No. 2952 Case No. 2024-03815 

[*1]Jose Ruiz, Plaintiff-Appellant,
v
BOP 245 Park LLC, et al., Defendants-Respondents.

Oresky & Associates, PLLC, Bronx (Michael Cassell of counsel), for appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York (Sean M. Prendergast of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered June 13, 2024, which denied plaintiff's motion for summary judgment on liability as to his Labor Law §§ 240(1) and 241(6) claims, unanimously modified, on the law, to the extent of granting plaintiff's motion as to liability on his Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff made a prima facie showing of entitlement to judgment as a matter of law on his Labor Law § 240(1) cause of action by submitting undisputed evidence that he fell off a scaffold, which lacked guardrails that would have prevented his fall, after the scaffold moved while he was standing atop it (see e.g., Celaj v Cornell, 144 AD3d 590 [1st Dept 2016]; Martinez v ST-DIL LLC, 192 AD3d 511 [1st Dept 2021]; Rroku v West Rac Contr. Corp., 164 AD3d 1176, 1177 [1st Dept 2018]).
Defendants failed to raise an issue of fact in opposition as to whether plaintiff was a recalcitrant worker. Although defendants presented an affidavit from the principal of nonparty contactor and plaintiff's employer stating that there was a standing order for its employees to use only baker scaffolds with safety railings, that there were safety railings available at the worksite, and that safety railings would be provided upon request, this testimony does not suffice to raise an issue of fact. On the contrary, the principal expressly acknowledged that he was not present on the worksite on the date of plaintiff's injury, and he offered no basis to find that he personally knew sufficient guardrails were present at the worksite for plaintiff to use on the scaffold (see e.g. Bialucha v City of New York, 222 AD3d 511, 511 [1st Dept 2023]; Yocum v United States Tennis Assn. Inc., 208 AD3d 1124, 1124-1125 [1st Dept 2022]). Indeed, plaintiff testified that there were no guardrails available for use on the date of the incident.
Contrary to defendants' position, the Bellevue emergency room record does not raise a triable issue as to plaintiff's veracity (see Martinez v ST-DIL LLC, 192 AD3d 511, 512 [1st Dept 2021]; Ordonez v One City Block, LLC, 191 AD3d 412, 413 [1st Dept 2021]).
Because plaintiff demonstrated entitlement to partial summary judgment on his Labor Law 240(1) cause of action, we need not reach his arguments regarding his Labor Law § 241(6) cause of action, as those arguments are academic (see Malan v FSJ Realty Group II LLC, 213 AD3d 541, 542 [1st Dept 2023]; Bialucha, 222 AD3d at 511).
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024