Guzman-Saquisili v Harlem Urban Dev. Corp. (2024 NY Slip Op 05420)

Guzman-Saquisili v Harlem Urban Dev. Corp.

2024 NY Slip Op 05420

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Webber, J.P., Oing, Kapnick, Kennedy, JJ. 

Index No. 156061/19, 595074/20 Appeal No. 2945 Case No. 2023-04935 

[*1]Juan Guzman-Saquisili, Plaintiff-Appellant,
v
Harlem Urban Development Corporation, et al., Defendants-Respondents.
Harlem Urban Development Corporation, et al., Third-Party Plaintiffs-Respondents,
v
Sky Material Corp., Third-Party Defendant-Respondent.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Issac of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Kevin J. Murtagh of counsel), for Harlem Urban Development Corporation, New York State Urban Development Corporation, Empire State Development Corporation, 223 West 125th street Danforth LLC, and Flintlock Construction Services LLC, respondents.
Sweetbaum & Sweetbaum, Lake Success (Michael Cassell of counsel), for Sky Material Corp., respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered September 18, 2023, which denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law §§ 240 (1) and 241 (6) claims, unanimously modified, on the law, to grant the motion as to the Labor Law § 240 (1) claim, and otherwise affirmed, without costs.
Defendants are the owner and lessee of the property at which plaintiff's accident occurred, as well as the de facto general contractor/manager for the work being performed there. Plaintiff was a carpenter employed by third-party defendant Sky Material Corp. at the time of his accident. According to plaintiff, his accident occurred as he was retrieving wooden planks for his coworker to install on the floor. Doing so required plaintiff to traverse over an uncovered beam pocket measuring three feet wide and three feet deep. His accident occurred when he tripped over metal debris on the floor and fell into the beam pocket. Plaintiff was wearing a harness with a yo-yo/at the time of his accident, but there was no place for him to tie off.
Defendants did not establish that plaintiff's summary judgment motion was premature, as they failed to show that they needed proof that was within the exclusive knowledge of plaintiff, that their claims in opposition are supported by something other than mere hope or conjecture, and that they attempted to discover facts at variance with plaintiff's proof (see Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007]; CPLR 3212 [f]). Conversely, defendants failed to "show[ ] that discovery might lead to relevant evidence or that the facts essential to justify their opposition to the motion were exclusively within [plaintiff's] knowledge and control" (Bacchus v Bronx Lebanon Hosp. Ctr., 192 AD3d 553, 554 [1st Dept 2021]). Plaintiff had already been deposed (on three separate dates) by the time he moved for summary judgment. His coworker, who defendants sought to depose, and Sky were not under plaintiff's exclusive control.
Plaintiff established his prima facie entitlement to summary judgment on liability on his Labor Law § 240 (1) claim by showing that his "accident arose from a gravity-related risk against which defendants failed to adequately protect him" (Favaloro v Port Auth. of N.Y. & N.J., 191 AD3d 524, 524-525 [1st Dept 2021]; see e.g. Sotelo v TRM Contr., LP, 212 AD3d 488, 488 [1st Dept 2023]; Greca v Choice Assoc. LLC, 200 AD3d 415, 415 [1st Dept 2021]).
Defendants and Sky failed to raise an issue of fact in opposition. Defendants rely on a notice to admit that they served on plaintiff seeking his admissions that three photos annexed thereto, among other things, depicted the project site on the day of plaintiff's accident. Plaintiff did not respond to the notice to admit, deeming the allegations admitted (CPLR 3123 [a]). However, these admissions do not establish that those photos fairly and accurately depict [*2]the location of plaintiff's accident either at the time thereof or immediately prior thereto. Thus, the absence from those photos of the metal on which plaintiff claims to have tripped does not raise an issue of fact as to the manner in which plaintiff's accident occurred.
Assuming, without deciding, that the integral-to-the-work defense applies (compare Salazar v Novalex Contr. Corp., 18 NY3d 134, 139-140 [2011], with Martinez v City of New York, 93 NY2d 322, 326 [1999]), defendants have only offered surmise and conjecture as to whether the uncovered beam pocket was integral to the work being performed, and that covering the beam pocket into which plaintiff fell would have been contrary to the objective of the work being performed.
To the extent that defendants claim that plaintiff failed to identify a safety device that could have prevented his accident (see generally Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 340 [2011]), at least two possible devices are apparent on the face of the record, namely either a covering or bridge over the beam pocket or a tie-off point for plaintiff's harness. Further, even if, as defendants argue, plaintiff could or should have simply stepped over the beam pocket, this would amount, at most, to comparative negligence, which is not a defense to a Labor Law § 240 (1) violation (see e.g. Morales v 2400 Ryer Ave. Realty, LLC, 190 AD3d 647, 648 [1st Dept 2021]; Hewitt v NY 70th St. LLC, 187 AD3d 574, 575 [1st Dept 2020]).
In view of the foregoing, the issue of defendants' liability under Labor Law § 241 (6) is academic (see e.g. Bialucha v City of New York, 222 AD3d 511, 512 [1st Dept 2023]; Pimentel v DE Frgt. LLC, 205 AD3d 591, 593 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024