McCormick v DiPersia (2025 NY Slip Op 03019)

McCormick v DiPersia

2025 NY Slip Op 03019

Decided on May 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025

Before: Webber, J.P., Friedman, Gesmer, Rosado, Michael, JJ. 

Index No. 156367/18|Appeal No. 4388|Case No. 2024-02634|

[*1]Kenneth McCormick, Plaintiff-Appellant,
v
John DiPersia, et al., Defendants-Respondents.

Shulman & Hill PLLC, New York (Timothy Norton of counsel), for appellant.
Manning Gross Massenburg, LLP, New York (Ryan W. Sweeney of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about March 25, 2024, which denied plaintiff's motion for partial summary judgment on his Labor Law §§ 240(1) and 241(6) claims against defendants Navesink Prestige Limited Liability Company (Navesink) and Sullivan Land Services Ltd. (SLS), unanimously reversed, on the law, without costs, and the motion granted.
During a project involving the rehabilitation of homes, plaintiff was injured when he jumped into an excavated trench to perform his work. Plaintiff testified that the trench was five-to-seven feet deep and that he asked for a ladder to access the bottom of the trench but was told to jump down. Navesink's part owner testified that plaintiff should have been told to use a ladder and indicated that the trench would have been about 36 inches deep. Defendant SLS's incident report described the trench as 3 ½ feet deep and stated as a contributing factor that the "contractor should have had a ladder into excavation."
Plaintiff's descent into the trench constituted an elevation-related hazard within the scope of Labor Law § 240(1) requiring a ladder or ramp for proper protection (see Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 9-10 [1st Dept 2011]; Bockmier v Niagara Recycling, 265 AD2d 897, 897 [4th Dept 1999]). Accordingly, plaintiff made a prima facie case that Navesink and SLS violated Labor Law § 240(1) by failing to provide a ladder or ramp to enable him to safely climb down into the trench, where he was assigned to shovel soil to even out the landscape at the bottom of the trench.
In opposition, defendants failed to raise a triable issue of fact. The witnesses' varying estimates of the depth of the excavated trench, ranging from around three feet to five feet to seven feet, do not present an issue of fact as to whether plaintiff's accident resulted from a significant elevation differential (see Demetrio v Clune Constr. Co., L.P., 176 AD3d 621, 622 [1st Dept 2019]). The affidavit of defendants' expert, opining that the trench was only two feet deep, was insufficient to raise an issue of fact since it was unsupported by the evidence, was provided six years after plaintiff's accident, and was not based on an examination of the job site (see Tuzzolino v Consolidated Edison Co. of N.Y., 160 AD3d 568, 568 [1st Dept 2018]).
This was not a case where "use of . . . a safety device would defeat or be contrary to the purpose of the work" (Ragubir v Gibraltar Mgt. Co., Inc., 146 AD3d 563, 564 [1st Dept 2017]). SLS's incident report conceded that a ladder should have been made available and Navesink's witness testified that ladders were generally available. Nor can defendants avail themselves of the sole proximate cause defense given that plaintiff demonstrated that he was not provided with a ladder (see Sanchez v Walton Ave. Realty Assoc. LLC, 215 AD3d 506, 507 [1st Dept 2023]).
Since plaintiff is entitled to partial summary judgment on his Labor Law § 240 claim, the [*2]issue of defendants' liability under Labor Law § 241(6) is academic (see Pimentel v DE Frgt. LLC, 205 AD3d 591, 593 [1st Dept 2022]; Cronin v New York City Tr. Auth., 143 AD3d 419, 420 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2025