Ortiz v City of New York (2025 NY Slip Op 07225)

Ortiz v City of New York

2025 NY Slip Op 07225

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Kennedy, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rodriguez, Michael, Hagler, JJ. 

Index No. 21877/19|Appeal No. 5443|Case No. 2025-00543|

[*1]Ruben Ortiz, Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Appellants.

Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for appellants.
Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for respondent.

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about December 27, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim and denied defendants' summary judgment motion for summary judgment dismissing plaintiff's Labor Law § 241(6) claim to the extent that it is premised on Industrial Code (12 NYCRR) § 23-1.21(b)(4)(iv), unanimously modified, on the law, to dismiss plaintiff's Labor Law § 241(6) claim, and otherwise affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on liability on his Labor Law § 240(1) claim with his testimony that he was provided with an unsecured A-frame ladder, which suddenly moved and tilted while he was working on it, causing him to fall (see Rom v Eurostruct, Inc., 158 AD3d 570, 571 [1st Dept 2018]). The evidence that the ladder collapsed for no apparent reason raises the presumption that the ladder was insufficient to give proper protection under the statute (see Tuzzolino v Consolidated Edison Co. of N.Y., 160 AD3d 568, 568 [1st Dept 2018]; Soodin v Fragakis, 91 AD3d 535, 536 [1st Dept 2012]). In addition, it is not relevant that the ladder was stable and free of defects (see Martinez v ST-DIL LLC, 192 AD3d 511, 513 [1st Dept 2021]).
In opposition, defendants failed to raise an issue of fact. Contrary to defendant's argument otherwise, plaintiff's statement to hospital personnel that he "slid[] down [the] ladder after mis-stepping" does not raise an issue of fact, as it is not inconsistent with his undisputed testimony that the ladder shifted unexpectedly and tipped over with him. In any event, comparative negligence is not a defense to a Labor Law § 240(1) claim (see Rodas-Garcia v NYC United LLC, 225 AD3d 556, 556 [1st Dept 2024]).
Moreover, the affidavit of defendants' expert does not raise a triable issue of fact on the Labor Law § 240(1) claim. The expert opined that the accident could not have occurred as plaintiff described it, as he could not have done his work while standing on the ladder in the manner he described. However, there is no requirement for Labor Law § 240(1) purposes that plaintiff know exactly what caused the accident, or know what caused the ladder to move (Martinez, 192 AD3d at 512-513).
However, defendants are entitled to summary judgment dismissing the remainder of plaintiff's Labor Law § 241(6) claim as premised on Industrial Code § 23-1.21(b)(4)(iv), which only applies to "leaning ladders." There is no dispute that plaintiff's ladder was a self-supporting A-frame ladder that was open at the time of the accident.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025