Prado v BP Cyrus LLC
2026 NY Slip Op 03896
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Edison Gutierrez Prado, Plaintiff-Respondent,
v
BP Cyrus LLC et al., Defendants-Appellants.
[a Third-Party Action]
BP Cyrus LLC et al., Second Third-Party Plaintiffs-Appellants,
Eurocraft Contracting, LLC, Second Third-Party Defendant-Appellant.

Decided and Entered: June 18, 2026
Index No. 22777/20 |Appeal No. 6906|Case No. 2025-06211|
Before: Manzanet-Daniels, J.P., Mendez, Shulman, Higgitt, Hagler, JJ.

Hannum Feretic Prendergast & Merlino, LLC, New York (Lisa L. Gokhulsingh of counsel), for BP Cyrus LLC, appellant.
Mauro Lilling Naparty LLP, Woodbury (Andrew B. Bandini of counsel), for Eurocraft Contracting, LLC, appellant.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Ashlee Crawford, J.), entered September 3, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) and his Labor Law § 241(6) claim insofar as predicated on a violation of Industrial Code (12 NYCRR) § 23-1.21(b)(4)(ii) as against defendants BP Cyrus LLC and Home Builders 1 L.P., unanimously affirmed, without costs.
Plaintiff alleges that he was injured as he was standing on an A-frame ladder to remove 12-foot high metal fencing. According to plaintiff's deposition testimony, he was using a saw to cut part of the fencing when a piece of fencing hit the ladder, pushing the ladder over and causing plaintiff to fall to the sidewalk.
Plaintiff established entitlement to summary judgment on liability on his Labor Law § 240(1) claim through his testimony that he was injured when the metal fencing hit the unsecured ladder, causing the ladder to move and plaintiff to fall (see Avila v Saint David's Sch., 187 AD3d 460, 460 [1st Dept 2020]). Defendants' failure to properly secure the ladder to ensure that it remained steady and upright as plaintiff used it constitutes a violation of Labor Law § 240(1) (see Plywacz v 85 Broad St. LLC, 159 AD3d 543, 544 [1st Dept 2018]). Furthermore, plaintiff's testimony regarding the incident established that the ladder was not an adequate safety device and that the failure to provide proper safety equipment proximately caused plaintiff's injury (see Avila v Saint David's Sch., 187 AD3d at 460).
The affidavit of plaintiff's coworker, submitted in opposition to plaintiff's motion, is insufficient to defeat summary judgment. The coworker averred that plaintiff was on the second rung of the ladder, missed the bottom step as he descended, and fell backward into a plywood construction fence. The statements in the affidavit, however, are not inconsistent with plaintiff's testimony that the ladder was unstable because it was not secured (see Pierrakeas v 137 E. 38th St. LLC, 177 AD3d 574, 574-575 [1st Dept 2019]). Similarly, although the coworker averred that the ladder was upright after plaintiff fell, contradicting plaintiff's account that the ladder fell over, the coworker's averment does not contradict plaintiff's testimony that the movement of the ladder caused him to fall (see Duran v ERY Retail Podium LLC, 238 AD3d 665, 665 [1st Dept 2025]; Lipari v AT Spring, LLC, 92 AD3d 502, 503-504 [1st Dept 2012]). Nor does the coworker's affidavit establish that the ladder was not defective, as he made no statements about the condition of the ladder, except to say that it was still standing after plaintiff fell. In any event, in the absence of adequate safety devices to prevent a plaintiff from falling, it is not relevant whether the ladder was free from defects (see Martinez v ST-DIL LLC, 192 AD3d 511, 513 [1st Dept 2021]; Orellano v 29 E. 37th St. Realty Corp., 292 AD2d 289, 291 [1st Dept 2002]).
[*2]
We reject defendants' argument that plaintiff's medical records, which show that he mentioned the ladder only once and never mentioned that it was inadequate for the task, raise an issue of fact as to whether the ladder was a proper safety device. The records, even assuming they were admissible, do not contradict plaintiff's deposition testimony and thus do not rebut plaintiff's showing on summary judgment.
The arguments regarding his Labor Law § 241(6) claim are academic because plaintiff is entitled to summary judgment as to liability on his Labor Law § 240(1) claim (see Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026